#066557

ORIGINAL

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Horace L. Brockington, and

Mark A. Dorris, and

Mark Edward Duncan, and

Mark Hickman, and

Albert R. Klott, and

John L. Logan, III, and

Jonathon Francis Muth, and

Herbert T. Riggs, Jr., and

Thomas E. Rill,

Plaintiffs,

v.

The United States,

Defendant.

FILED
MAY 23 2007
U.S. COURT OF FEDERAL CLAIMS

07-320 C

**Civil Action No.:**

## COMPLAINT

1. Plaintiffs are, or were during times material herein, employees of defendant United States, employed by defendant as "Security Guards" at defendant's Cherry Point, North Carolina, Naval Air Depot. Plaintiffs bring this suit for back overtime wages owed to them by defendant United States, and for other relief, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("the FLSA").

2. This complaint is brought by the named plaintiffs as a collective action on behalf of themselves and on behalf of all similarly situated employees. More specifically, this

complaint is brought by the named plaintiffs on behalf of themselves and on behalf of all persons who are, or who were during times material herein, employed by defendant as Security Guards at defendant's Cherry Point, North Carolina, Naval Air Depot, and who consent to participate in this action by filing a written consent with this Court pursuant to 29 U.S.C. § 216 (b).

## JURIDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1491 (a) (1), and 28 U.S.C. § 1346 (a) (2).

4. Venue is properly laid before this Court pursuant to 28 U.S.C. § 1491 (a) (1), and 28 U.S.C. § 1391 (e) because this action is a civil action for monetary damages, including liquidated damages, brought by plaintiffs against the United States of America pursuant to the FLSA.

## PARTIES

5. Horace L. Brockington, Mark A. Dorris, Mark Edward Duncan, Mark Hickman, Albert R. Klott, John L. Logan, III, Jonathon Francis Muth, Herbert T. Riggs, Jr., and Thomas E. Rill ("plaintiffs") are, or were during times material herein, employees of defendant employed at the United States Department of the Navy's Cherry Point, North Carolina, Naval Air Depot as Security Guards, and are "employees" within the meaning of the FLSA. 29 U.S.C. § 203 (e).

6. Plaintiffs are, or were during times material herein, not law enforcement officers.

7. Plaintiffs do not perform, or during times material herein did not perform, "law enforcement activities" pursuant to 29 U.S.C. § 207 (k).

8. All plaintiffs have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216 (b). True and accurate copies of these written consents are attached to this complaint as Exhibit 1.

9. All plaintiffs are, or were during times material herein, subject to the coverage of the FLSA; i.e., all plaintiffs are, or were during times material herein, FLSA non-exempt.

10. All plaintiffs are, or were during times material herein, covered by a collective bargaining agreement between the American Federation of Government Employees, Local 2065, and the United States Department of the Navy that specifically excludes FLSA-based claims from the collective bargaining agreement's negotiated grievance procedure.

11. Defendant United States is, and at all times material herein has been, an "employer" and a "public agency" within the meaning of the FLSA. 29 U.S.C. §§ 203 (d) (defining the United States as an "employer"), and 203 (x) (defining "public agency").

## FACTS

12. Under the FLSA, to "employ" means to suffer or permit to work. 29 U.S.C. § 203 (g).

13. Pursuant to 29 U.S.C. § 204 (f), the United States Office of Personnel Management ("OPM") has issued regulations administering the FLSA. *See* 5 C.F.R. Part 551. These regulations define "suffered or permitted work" to mean, ". . . any work

performed by an employee for the benefit of an agency, whether requested or not, provided the employee's supervisor knows or has reason to believe that the work is being performed and has an opportunity to prevent the work from being performed." 5 C.F.R. § 551.104.

14. OPM's regulations also specify that, "[a]ll time spent by an employee performing an activity for the benefit of an agency and under the control or direction of the agency is "hours of work."" 5 C.F.R. § 551.401 (a); *see also* 5 C.F.R. § 551.104 ("Employ means to engage a person in an activity that is for the benefit of an agency, and includes any hours of work that are suffered or permitted.").

15. The FLSA mandates that, ". . . no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207 (a) (1).

16. OPM's FLSA regulations further provide that a willful violation of the FLSA is, "a violation in circumstances where the agency knew that its conduct was prohibited by the Act or showed reckless disregard of the requirements of the Act." 5 C.F.R. § 551.104. "Reckless disregard of the requirements of the Act means failure to make adequate inquiry into whether conduct is in compliance with the Act." *Id.*

17. Pursuant to their employment as Security Guards, plaintiffs perform, or at times material herein performed, a variety of public-safety based duties for defendant,

including, but not limited to, maintaining the perimeter security of defendant's Cherry Point Naval Air Depot.

18. Defendant considers the Security Guard position which plaintiffs occupy, or during times material herein occupied, to be FLSA non-exempt.

19. Defendant considers, or during times material herein considered, the plaintiffs to be FLSA non-exempt.

20. Plaintiffs are, or were during times material herein, regularly scheduled to work forty-two and one-half hours per week, including an unpaid thirty-minute meal period on each workday.

21. Defendant has a legal right to assign and direct work. 5 U.S.C. § 7106 (a).

22. In accordance with defendant's right to assign and direct work, defendant could have prevented plaintiffs from performing all of the overtime work described in this complaint but did not.

23. Plaintiffs previously sought compensation from defendant for all of their claims raised herein, and defendant denied plaintiffs' requests for relief. Upon information and belief, defendant denied plaintiffs' claims in approximately May, 2006.

24. Plaintiffs have exhausted any and all administrative remedies that they were required by law to pursue, and as relevant to this action.

## A. <u>Interrupted Lunches</u>

25. Defendant divides plaintiffs' work schedules into three shifts. These three shifts are: 1) first shift; 2) second shift; and 3) third shift.

26. During times material herein, and at various intervals, each of the plaintiffs worked each of these three shifts.

27. Plaintiffs are, or were during times material herein, entitled to one half-hour unpaid duty-free meal period during each of these three shifts.

28. Beginning in approximately 1998, and continuing until at least March 2006, plaintiffs regularly and frequently worked through all or significant portions of their unpaid meal periods by, for example, remaining at their posts throughout their unpaid meal periods in order to insure adequate post coverage for defendant.

29. During times material herein, plaintiffs regularly and frequently worked through all or significant portions of their unpaid meal periods during each of their three regularly scheduled shifts.

30. Defendant suffered and permitted plaintiffs to work through these meal periods, in that defendant was aware that, or recklessly disregarded the fact that, plaintiffs regularly and frequently worked through significant portions of their unpaid meal periods without compensation.

31. During the times material herein, whenever plaintiffs have worked through their unpaid meal periods, doing so has caused plaintiffs to work in excess of forty hours per week, or eight hours per day.

32. Defendant has never compensated plaintiffs for any of the time that they have worked through their meal periods during the times material herein.

33. Plaintiffs are entitled to be compensated for the time that they have worked through their meal periods during the times material herein.

34. Plaintiffs are entitled to overtime compensation for the time that they have worked through their meal periods during the times material herein.

**B. Pre-Shift Activities**

35. Each of plaintiffs' three work shifts is ordinarily supervised by a "Shift Lieutenant."

36. Defendant requires Shift Lieutenants to arrive for duty approximately thirty minutes before the official start of their respective shifts.

37. During this approximately thirty minute pre-shift period, the Shift Lieutenants prepare for the muster of the Security Guards. The muster of the Security Guards officially commences each shift.

38. During this approximately thirty minute pre-shift period, the Shift Lieutenants, among other activities, retrieve messages and alerts from the outgoing shift, and inspect the Security Guards' equipment, such as cars, keys and radios (collectively "pre-shift activities").

39. Defendant requires the Shift Lieutenants to perform these pre-shift activities in order to facilitate a smooth transition between shifts. In particular, defendant requires the Shift Lieutenants to perform these pre-shift activities so that messages, alerts, and equipment may be promptly distributed to the incoming Security Guard shift, and so that the outgoing shift may be relieved in a timely manner.

40. Defendant does not compensate the Shift Lieutenants for performing the pre-shift activities because defendant considers the Shift Lieutenant position to be FLSA exempt.

41. Shift Lieutenants do not ordinarily work weekends and holidays

42. Whenever the Shift Lieutenants are unavailable (e.g., on weekends and holidays), defendant requires plaintiffs to act as "Relief Supervisors."

43. Relief Supervisors perform the same activities and duties as the Shift Lieutenants.

44. During times material herein, each of the plaintiffs has regularly and frequently acted as a Relief Supervisor.

45. Beginning in approximately 1998, and at least until March of 2006, when assigned to act as Relief Supervisors, plaintiffs arrived for duty approximately thirty minutes prior to the official start of their shifts.

46. During this approximately thirty minute pre-shift period, plaintiffs perform, or during the times material herein performed, the same pre-shift activities as the Shift Lieutenants, in that plaintiffs retrieve messages and alerts from the outgoing shift, and inspect the Security Guards equipment, such as cars, keys and radios.

47. During the times material herein, whenever plaintiffs have performed these pre-shift activities, doing so has caused plaintiffs to work in excess of forty hours per week, or eight hours per day.

48. These pre-shift activities are compensable as work under the FLSA because they are part of the principal safety-related activities engaged in by plaintiffs for defendant.

49. Defendant has failed to compensate plaintiffs in any way for the work that they have performed as Relief Supervisors during the approximately thirty minute pre-shift period described above (i.e., the pre-shift activities) and during the times material herein.

50. Upon information and belief, by at least March 2005, defendant was aware that plaintiffs, when acting as Relief Supervisors, performed the above pre-shift work without compensation because plaintiff Hickman personally informed defendant's agent, then Security Director Randy Turner, that the work was being performed.

51. Despite being aware that plaintiffs were performing the pre-shift work described above, defendant did not immediately discontinue the performance of the pre-shift work, nor did defendant inquire as to whether its failure to compensate plaintiffs for this work violated the FLSA.

52. Defendant knew that plaintiffs are, or were during the times material herein, FLSA non-exempt.

53. Defendant recklessly disregarded the possibility that its conduct violated the FLSA.

54. Defendant knew its conduct violated the FLSA.

55. Pursuant to 29 U.S.C. § 207 (a) and § 216 (b), defendant is liable to plaintiffs for the full amount of all their unpaid overtime compensation for all of the work described in this complaint, plus an additional equal amount as liquidated damages, plus plaintiffs' costs and attorney's fees.

**COUNT I**

56. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs one to fifty-five above.

57. By failing to compensate plaintiffs for any of the overtime work that they performed during their thirty-minute meal periods, as described above, defendant has violated the FLSA. 29 U.S.C. § 207 (a) (1).

58. Defendant's violation of the FLSA was willful.

**COUNT II**

59. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs one to fifty-five above.

60. By failing to compensate plaintiffs for the overtime work that they performed during the approximately thirty-minute pre-shift period (i.e., for the pre-shift activities), whenever plaintiffs acted as Relief Supervisors and as described above, defendant has violated the FLSA. 29 U.S.C. § 207 (a) (1).

61. Defendant's violation of the FLSA was willful.

## RELIEF REQUESTED

WHEREFORE, plaintiffs respectfully request that this Court:

62. Determine the damages sustained by the plaintiffs as a result of defendant's violations of the FLSA as cited above, and award those damages against the defendant and in favor of the plaintiffs, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216 (b), plus such pre-judgment interest as may be allowed by law.

63. Award plaintiffs their costs of this suit and, without limitation, reasonable attorney's fees.

64. Grant plaintiffs such other relief as the Court may deem just and proper.

Respectfully Submitted,

Mark D. Roth
General Counsel

Charles A. Hobbie
Deputy General Counsel

Of Counsel

Andres M. Grajales*
Staff Counsel
American Federation of Government Employees,
AFL-CIO
80 F. Street, N.W.
Washington, D.C. 20001
(202) 639-6426/ (202) 639-6441 (fax)
Agrajales@afge.org
*Attorney of Record

Counsel for Plaintiffs

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| Horace L. Brockington, and<br>Mark A. Dorris, and<br>Mark Edward Duncan, and<br>Mark Hickman, and<br>Albert R. Klott, and<br>John L. Logan, III, and<br>Jonathon Francis Muth, and<br>Herbert T. Riggs, Jr., and<br>Thomas E. Rill,<br>Plaintiffs,<br>v.<br>The United States,<br>Defendant. | **Civil Action No.:** |

**<u>EXHIBIT 1 TO PLAINTIFFS' COMPLAINT</u>**

This exhibit consists of consent forms from each of the above-named plaintiffs, wherein each plaintiff consents to be a party plaintiff in this action. These consent forms are attached hereto, and consist of 27 pages.

# CONSENT AND LEGAL RIGHTS FUND AGREEMENT

## Please Print

I Horace L. Brockington hereby consent to become a party plaintiff in a lawsuit to be filed by the American Federation of Government Employees, AFL-CIO (AFGE) that will be brought against the United States Department of the Navy (Navy) regarding rights I may have under the Fair Labor Standards Act, 29 U.S.C. § 201, et *seq.* (FLSA) and any other applicable statutes. The claims in this suit include the Navy's failure to properly compensate Navy staff, such as myself, for work performed prior to the official start of their shifts and during their lunch breaks.

I hereby grant the American Federation of Government Employees, General Counsel's Office (AFGE-GCO) the authority and power to act on my behalf in all matters related to the above lawsuit. I also grant AFGE-GCO the authority and power to seek all appropriate relief, to seek attorney fees from the Navy if appropriate, and to settle this case on my behalf. I understand and agree that any attorney fees paid by the Navy as a result of this lawsuit shall be deposited, in their entirety, into the American Federation of Government Employees' Legal Representation Fund. Further, I agree to accept the legal services provided by AFGE-GCO and any attorney or law firm acting at the behest of AFGE-GCO.

I understand that it is my responsibility to, and I shall, keep AFGE-GCO informed of my current contact information (as provided below), including my address, telephone number, and email address. I further consent to receive service of all correspondence related to this case via electronic mail.

I understand that my failure to promptly notify AFGE-GCO of any changes in my contact information (including my address, telephone number, and email address) or to promptly respond to such other requests for information from AFGE-GCO as may arise in this case shall relieve AFGE and AFGE-GCO of any obligation to continue to represent me in this case and of any liability resulting therefrom.

BROCKINGTON, HORACE L

**Please Print** - Last Name/ First Name/ Middle Initial

Horace L. Brockington

Signature (**Use Blue Ink**)

16 April 07

Date

**Please Print the Following:**

3021 ROANOKE AVE

NEW BERN N.C. 28562

Home Address

252 636-2342

Home Phone

252 964-7056

Work Phone

252 626-3620

Cell Phone

Email Address

FRCC / SECURITY

Employer and Department

Department of The Navy, Fleet Readiness Center East
PSC Box 8021, Cherry point N.C 28533 0021
Employer's Address

Security Guard Supervisor / GS-0085-07
Current Job Title and Series

GS-7 / 2
Grade and Step

I was a bargaining unit member when this case was filed.

# CONSENT AND LEGAL RIGHTS FUND AGREEMENT

## Please Print

I MARK A. Dolkis hereby consent to become a party plaintiff in a lawsuit to be filed by the American Federation of Government Employees, AFL-CIO (AFGE) that will be brought against the United States Department of the Navy (Navy) regarding rights I may have under the Fair Labor Standards Act, 29 U.S.C. § 201, et *seq.* (FLSA) and any other applicable statutes. The claims in this suit include the Navy's failure to properly compensate Navy staff, such as myself, for work performed prior to the official start of their shifts and during their lunch breaks.

I hereby grant the American Federation of Government Employees, General Counsel's Office (AFGE-GCO) the authority and power to act on my behalf in all matters related to the above lawsuit. I also grant AFGE-GCO the authority and power to seek all appropriate relief, to seek attorney fees from the Navy if appropriate, and to settle this case on my behalf. I understand and agree that any attorney fees paid by the Navy as a result of this lawsuit shall be deposited, in their entirety, into the American Federation of Government Employees' Legal Representation Fund. Further, I agree to accept the legal services provided by AFGE-GCO and any attorney or law firm acting at the behest of AFGE-GCO.

I understand that it is my responsibility to, and I shall, keep AFGE-GCO informed of my current contact information (as provided below), including my address, telephone number, and email address. I further consent to receive service of all correspondence related to this case via electronic mail.

I understand that my failure to promptly notify AFGE-GCO of any changes in my contact information (including my address, telephone number, and email address) or to promptly respond to such other requests for information from AFGE-GCO as may arise in this case shall relieve AFGE and AFGE-GCO of any obligation to continue to represent me in this case and of any liability resulting therefrom.

DORRIS, MARK A.
**Please Print** - Last Name/ First Name/ Middle Initial

[signature]
Signature (**Use Blue Ink**)

15 APRIL 2007
Date

**Please Print the Following:**

1171 BELGRADE SWANSBORO RD.
HUBERT, NC 28539-4005
Home Address

| 910-326-1882 | 252-464-7086 | 910-340-0150 |
|---|---|---|
| Home Phone | Work Phone | Cell Phone |

jddorris@ec.rr.com
Email Address

FRC EAST / SECURITY
Employer and Department

Department of the Navy, Fleet Readiness Center East
PSC Box 8021, Cherry Point, N.C. 28533-0021
Employer's Address

Security Guard GS-0085-04
Current Job Title and Series

GS-4/10
Grade and Step

# CONSENT AND LEGAL RIGHTS FUND AGREEMENT

## Please Print

I Mark Edward Duncan hereby consent to become a party plaintiff in a lawsuit to be filed by the American Federation of Government Employees, AFL-CIO (AFGE) that will be brought against the United States Department of the Navy (Navy) regarding rights I may have under the Fair Labor Standards Act, 29 U.S.C. § 201, et *seq.* (FLSA) and any other applicable statutes. The claims in this suit include the Navy's failure to properly compensate Navy staff, such as myself, for work performed prior to the official start of their shifts and during their lunch breaks.

I hereby grant the American Federation of Government Employees, General Counsel's Office (AFGE-GCO) the authority and power to act on my behalf in all matters related to the above lawsuit. I also grant AFGE-GCO the authority and power to seek all appropriate relief, to seek attorney fees from the Navy if appropriate, and to settle this case on my behalf. I understand and agree that any attorney fees paid by the Navy as a result of this lawsuit shall be deposited, in their entirety, into the American Federation of Government Employees' Legal Representation Fund. Further, I agree to accept the legal services provided by AFGE-GCO and any attorney or law firm acting at the behest of AFGE-GCO.

I understand that it is my responsibility to, and I shall, keep AFGE-GCO informed of my current contact information (as provided below), including my address, telephone number, and email address. I further consent to receive service of all correspondence related to this case via electronic mail.

I understand that my failure to promptly notify AFGE-GCO of any changes in my contact information (including my address, telephone number, and email address) or to promptly respond to such other requests for information from AFGE-GCO as may arise in this case shall relieve AFGE and AFGE-GCO of any obligation to continue to represent me in this case and of any liability resulting therefrom.

Duncan, Mark E.
**Please Print** - Last Name/ First Name/ Middle Initial

[signature]
Signature (**Use Blue Ink**)

15 Apr 07
Date

**Please Print the Following:**

219 Forest Hill Dr.
Havelock, NC. 28532
Home Address

| | | |
|---|---|---|
| 252-463-0618 | 252-464-7999 | 252-626-4424 |
| Home Phone | Work Phone | Cell Phone |

meDuak@msn.com
Email Address

FRC East / Security
Employer and Department

Department of the Navy, Fleet Readiness Center East,

PSC Box 8021, Cherry Point, N 28533-0021
Employer's Address

Security guard / GS-0085-05
Current Job Title and Series

GS-5 / 3
Grade and Step

# CONSENT AND LEGAL RIGHTS FUND AGREEMENT

## Please Print

I MARK HICKMAN hereby consent to become a party plaintiff in a lawsuit to be filed by the American Federation of Government Employees, AFL-CIO (AFGE) that will be brought against the United States Department of the Navy (Navy) regarding rights I may have under the Fair Labor Standards Act, 29 U.S.C. § 201, et *seq.* (FLSA) and any other applicable statutes. The claims in this suit include the Navy's failure to properly compensate Navy staff, such as myself, for work performed prior to the official start of their shifts and during their lunch breaks.

I hereby grant the American Federation of Government Employees, General Counsel's Office (AFGE-GCO) the authority and power to act on my behalf in all matters related to the above lawsuit. I also grant AFGE-GCO the authority and power to seek all appropriate relief, to seek attorney fees from the Navy if appropriate, and to settle this case on my behalf. I understand and agree that any attorney fees paid by the Navy as a result of this lawsuit shall be deposited, in their entirety, into the American Federation of Government Employees' Legal Representation Fund. Further, I agree to accept the legal services provided by AFGE-GCO and any attorney or law firm acting at the behest of AFGE-GCO.

I understand that it is my responsibility to, and I shall, keep AFGE-GCO informed of my current contact information (as provided below), including my address, telephone number, and email address. I further consent to receive service of all correspondence related to this case via electronic mail.

I understand that my failure to promptly notify AFGE-GCO of any changes in my contact information (including my address, telephone number, and email address) or to promptly respond to such other requests for information from AFGE-GCO as may arise in this case shall relieve AFGE and AFGE-GCO of any obligation to continue to represent me in this case and of any liability resulting therefrom.

HICKMAN/MARK/ —
**Please Print** - Last Name/ First Name/ Middle Initial

Mark Hickman
Signature **(Use Blue Ink)**

29 APR 07
Date

**Please Print the Following:**

335 PARKERTOWN RD
HUBERT, NC 28539
Home Address

910 326 1919
Home Phone

NONE
Work Phone

910 382 7612
Cell Phone

MMHICKMAN@EC.RR.COM
Email Address

FLEET Readiness Center East/Security Div
Employer and Department

Department of The Navy, Fleet Readiness Center East
PSC Box 8021 Cherry Point N.C 28533
Employer's Address

GS-0085-05
Current Job Title and Series

GS-5/3
Grade and Step

# CONSENT AND LEGAL RIGHTS FUND AGREEMENT

## Please Print

I Albert F. Klott hereby consent to become a party plaintiff in a lawsuit to be filed by the American Federation of Government Employees, AFL-CIO (AFGE) that will be brought against the United States Department of the Navy (Navy) regarding rights I may have under the Fair Labor Standards Act, 29 U.S.C. § 201, et *seq.* (FLSA) and any other applicable statutes. The claims in this suit include the Navy's failure to properly compensate Navy staff, such as myself, for work performed prior to the official start of their shifts and during their lunch breaks.

I hereby grant the American Federation of Government Employees, General Counsel's Office (AFGE-GCO) the authority and power to act on my behalf in all matters related to the above lawsuit. I also grant AFGE-GCO the authority and power to seek all appropriate relief, to seek attorney fees from the Navy if appropriate, and to settle this case on my behalf. I understand and agree that any attorney fees paid by the Navy as a result of this lawsuit shall be deposited, in their entirety, into the American Federation of Government Employees' Legal Representation Fund. Further, I agree to accept the legal services provided by AFGE-GCO and any attorney or law firm acting at the behest of AFGE-GCO.

I understand that it is my responsibility to, and I shall, keep AFGE-GCO informed of my current contact information (as provided below), including my address, telephone number, and email address. I further consent to receive service of all correspondence related to this case via electronic mail.

I understand that my failure to promptly notify AFGE-GCO of any changes in my contact information (including my address, telephone number, and email address) or to promptly respond to such other requests for information from AFGE-GCO as may arise in this case shall relieve AFGE and AFGE-GCO of any obligation to continue to represent me in this case and of any liability resulting therefrom.

KLOTT ALBERT F

**Please Print** - Last Name/ First Name/ Middle Initial

[signature]

Signature (**Use Blue Ink**)

16 April 2007

Date

**Please Print the Following:**

133 MANN BLVD

NEWPORT, NC. 28570

Home Address

252 223 3733

Home Phone

252-464-7999

Work Phone

n/a

Cell Phone

~~[illegible]~~ n/a

Email Address

FRCE / SECURITY

Employer and Department

Department of the Navy, Fleet Readiness Center East
PSC Box 8021, Cherry Point NC 28533-0021
Employer's Address

GS-0085-07 Security Guard Supervisor
Current Job Title and Series

GS 7-4
Grade and Step

I was a Union member when this case was filed.

# CONSENT AND LEGAL RIGHTS FUND AGREEMENT

**Please Print**

I John L Logan III hereby consent to become a party plaintiff in a lawsuit to be filed by the American Federation of Government Employees, AFL-CIO (AFGE) that will be brought against the United States Department of the Navy (Navy) regarding rights I may have under the Fair Labor Standards Act, 29 U.S.C. § 201, et *seq.* (FLSA) and any other applicable statutes. The claims in this suit include the Navy's failure to properly compensate Navy staff, such as myself, for work performed prior to the official start of their shifts and during their lunch breaks.

I hereby grant the American Federation of Government Employees, General Counsel's Office (AFGE-GCO) the authority and power to act on my behalf in all matters related to the above lawsuit. I also grant AFGE-GCO the authority and power to seek all appropriate relief, to seek attorney fees from the Navy if appropriate, and to settle this case on my behalf. I understand and agree that any attorney fees paid by the Navy as a result of this lawsuit shall be deposited, in their entirety, into the American Federation of Government Employees' Legal Representation Fund. Further, I agree to accept the legal services provided by AFGE-GCO and any attorney or law firm acting at the behest of AFGE-GCO.

I understand that it is my responsibility to, and I shall, keep AFGE-GCO informed of my current contact information (as provided below), including my address, telephone number, and email address. I further consent to receive service of all correspondence related to this case via electronic mail.

I understand that my failure to promptly notify AFGE-GCO of any changes in my contact information (including my address, telephone number, and email address) or to promptly respond to such other requests for information from AFGE-GCO as may arise in this case shall relieve AFGE and AFGE-GCO of any obligation to continue to represent me in this case and of any liability resulting therefrom.

LOGAN JOHN L
**Please Print** - Last Name/ First Name/ Middle Initial

[signature]
Signature **(Use Blue Ink)**

15 APRIL 07
Date

**Please Print the Following:**

128 SOUTH FOREST DRIVE
HAVELOCK NC 28532
Home Address

(252) 447-9738
Home Phone

(252) 464-7999
Work Phone

N/A
Cell Phone

John.logan@navy.mil
Email Address

FRC EAST / SECURITY
Employer and Department

Department of the Navy Fleet Readiness Center East
PSC Box 8021, Cherry Point N.C. 28533-0021
Employer's Address

Security Guard GS-0085-04
Current Job Title and Series

GS 4/8
Grade and Step

# CONSENT AND LEGAL RIGHTS FUND AGREEMENT

## Please Print

I JONATHAN FRANCIS MUL hereby consent to become a party plaintiff in a lawsuit to be filed by the American Federation of Government Employees, AFL-CIO (AFGE) that will be brought against the United States Department of the Navy (Navy) regarding rights I may have under the Fair Labor Standards Act, 29 U.S.C. § 201, et *seq.* (FLSA) and any other applicable statutes. The claims in this suit include the Navy's failure to properly compensate Navy staff, such as myself, for work performed prior to the official start of their shifts and during their lunch breaks.

I hereby grant the American Federation of Government Employees, General Counsel's Office (AFGE-GCO) the authority and power to act on my behalf in all matters related to the above lawsuit. I also grant AFGE-GCO the authority and power to seek all appropriate relief, to seek attorney fees from the Navy if appropriate, and to settle this case on my behalf. I understand and agree that any attorney fees paid by the Navy as a result of this lawsuit shall be deposited, in their entirety, into the American Federation of Government Employees' Legal Representation Fund. Further, I agree to accept the legal services provided by AFGE-GCO and any attorney or law firm acting at the behest of AFGE-GCO.

I understand that it is my responsibility to, and I shall, keep AFGE-GCO informed of my current contact information (as provided below), including my address, telephone number, and email address. I further consent to receive service of all correspondence related to this case via electronic mail.

I understand that my failure to promptly notify AFGE-GCO of any changes in my contact information (including my address, telephone number, and email address) or to promptly respond to such other requests for information from AFGE-GCO as may arise in this case shall relieve AFGE and AFGE-GCO of any obligation to continue to represent me in this case and of any liability resulting therefrom.

MUTH / JONATHAN / F.
**Please Print** - Last Name/ First Name/ Middle Initial

Jonathan F. Muth
Signature **(Use Blue Ink)**

APRIL 15, 2007
Date

**Please Print the Following:**

111 SCOTT STREET
NEWPORT, NC 28570
Home Address

252-223-5783 | 252 464 7997 | N/A
Home Phone | Work Phone | Cell Phone

AUNTMO@STARFISHNET.COM
Email Address

FRC EAST / SECURITY
Employer and Department

DEPARTMENT OF THE NAVY, FLEET READINESS CENTER EAST,

PSC BOX 8021, CHERRY POINT, NC 28533-0001
Employer's Address

SECURITY GUARD GS-0085-05
Current Job Title and Series

GS-5 / 6
Grade and Step

# CONSENT AND LEGAL RIGHTS FUND AGREEMENT

## Please Print

I Herbert Theodore Riggs Jr hereby consent to become a party plaintiff in a lawsuit to be filed by the American Federation of Government Employees, AFL-CIO (AFGE) that will be brought against the United States Department of the Navy (Navy) regarding rights I may have under the Fair Labor Standards Act, 29 U.S.C. § 201, et *seq.* (FLSA) and any other applicable statutes. The claims in this suit include the Navy's failure to properly compensate Navy staff, such as myself, for work performed prior to the official start of their shifts and during their lunch breaks.

I hereby grant the American Federation of Government Employees, General Counsel's Office (AFGE-GCO) the authority and power to act on my behalf in all matters related to the above lawsuit. I also grant AFGE-GCO the authority and power to seek all appropriate relief, to seek attorney fees from the Navy if appropriate, and to settle this case on my behalf. I understand and agree that any attorney fees paid by the Navy as a result of this lawsuit shall be deposited, in their entirety, into the American Federation of Government Employees' Legal Representation Fund. Further, I agree to accept the legal services provided by AFGE-GCO and any attorney or law firm acting at the behest of AFGE-GCO.

I understand that it is my responsibility to, and I shall, keep AFGE-GCO informed of my current contact information (as provided below), including my address, telephone number, and email address. I further consent to receive service of all correspondence related to this case via electronic mail.

Department of the Navy, Fleet Readiness Center East
PSC Box 8021, Cherry point N.C. 28533-0021
Employer's Address

GS-0085-05
Current Job Title and Series

GS-5/4
Grade and Step

# CONSENT AND LEGAL RIGHTS FUND AGREEMENT

## Please Print

I Thomas E. Rice hereby consent to become a party plaintiff in a lawsuit to be filed by the American Federation of Government Employees, AFL-CIO (AFGE) that will be brought against the United States Department of the Navy (Navy) regarding rights I may have under the Fair Labor Standards Act, 29 U.S.C. § 201, et *seq.* (FLSA) and any other applicable statutes. The claims in this suit include the Navy's failure to properly compensate Navy staff, such as myself, for work performed prior to the official start of their shifts and during their lunch breaks.

I hereby grant the American Federation of Government Employees, General Counsel's Office (AFGE-GCO) the authority and power to act on my behalf in all matters related to the above lawsuit. I also grant AFGE-GCO the authority and power to seek all appropriate relief, to seek attorney fees from the Navy if appropriate, and to settle this case on my behalf. I understand and agree that any attorney fees paid by the Navy as a result of this lawsuit shall be deposited, in their entirety, into the American Federation of Government Employees' Legal Representation Fund. Further, I agree to accept the legal services provided by AFGE-GCO and any attorney or law firm acting at the behest of AFGE-GCO.

I understand that it is my responsibility to, and I shall, keep AFGE-GCO informed of my current contact information (as provided below), including my address, telephone number, and email address. I further consent to receive service of all correspondence related to this case via electronic mail.

I understand that my failure to promptly notify AFGE-GCO of any changes in my contact information (including my address, telephone number, and email address) or to promptly respond to such other requests for information from AFGE-GCO as may arise in this case shall relieve AFGE and AFGE-GCO of any obligation to continue to represent me in this case and of any liability resulting therefrom.

Thomas Emmanuel Rill

**Please Print** - Last Name/ First Name/ Middle Initial

[signature]

Signature (**Use Blue Ink**)

16 April 2007

Date

**Please Print the Following:**

890 Nelsons Rd Newport NC 28570

Home Address

252 726 1632

Home Phone

—

Work Phone

252 659 2591

Cell Phone

Email Address

FRC East / Security

Employer and Department

Department of the Navy, Fleet Readiness Center East
PSC Box 8021, Cherry point N.C. 28533-0021
Employer's Address

GS-5 Security Guard (Medically Retired)
Current Job Title and Series GS-0085-05

GS-5 step 4
Grade and Step

I was a member of the Bargaining Unit
when case was filed